IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DARRYL J. BERRY and ROSALINDA BERRY**, | § § § |
| Plaintiffs, | § § |
| v. | §  Civil Action No. **3:11-CV-1288-L** |
| | § § |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, and IBM LENDER BUSINESS PROCESS SERVICES, INC.**, | § § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Continuance and for Leave to File Second Motion for Summary Judgment, filed April 3, 2013; Plaintiffs' Response to Defendants' Motion for Continuance and for Leave to File Second Motion for Summary Judgment, filed April 11, 2013; and Defendants' Reply in Support of Their Motion for Continuance and for Leave to File Second Motion for Summary Judgment, filed April 17, 2013. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendants' Motion for Continuance and for Leave to File Second Motion for Summary Judgment.

On March 29, 2013, the court granted in part and denied in part, Defendants' first Motion for Summary Judgment. The court dismissed with prejudice all of Plaintiffs' claims against Defendants. With respect to Defendants' counterclaims against Plaintiffs for breach of contract, suit on the note and attorney's fees and court costs, the court denied summary judgment as to those claims. The court determined that Defendants had not conclusively proved all of the elements for

their counterclaims because there was a genuine dispute of material fact as to whether Defendant Fannie Mae is an assignee of the interests in the promissory note and deed of trust executed between Plaintiffs and CTX Mortgage Company LLC.

Defendants seek leave to file a second motion for summary judgment and a continuance of the present trial setting of June 3, 3013, by 45 days to allow the court time to consider and rule on such motion. According to Defendants, they can provide to the court conclusive evidence of their authority to enforce the note and deed of trust in a second motion for summary judgment. Defendants contend that having the remaining issues in this case determined in a second motion for summary judgment rather than a trial would be more efficient and cost effective for the parties. Plaintiffs are opposed to the relief Defendants seek. Plaintiffs, in response, argue that Defendants should not be allowed a "second bite at the apple" to fix errors and evidentiary flaws that they did not address in their first Motion for Summary Judgment and that allowing another motion for summary judgment at this time will cause further delay in completing discovery.

Local Rule of Civil Procedure 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." This rule operates to "prevent[] the practice too prevalent before the Rule was adopted of circumventing the page limits on summary judgment motions by dividing arguments among several motions." *Home Depot U.S.A., Inc. v. Nation Fire Ins. Co. of Hartford*, 3:06-CV-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. Jun. 27, 2007). Furthermore, Plaintiffs are correct that the rule "enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple." *Id.* In any event, "the

court retains ultimate control," and, in its discretion, may allow a party to file a second motion for summary judgment. *Id.*

Even though Defendants do not explain why they did not address the remaining issue in their original summary judgment motion, the court determines that this case presents an instance in which a second motion for summary judgment should be permitted. Defendants contend that they can present conclusive evidence to demonstrate that Defendant Fannie Mae is an assignee of the interests in the note and the deed of trust. As this is the only dispositive issue that remains, resolving it in a motion for summary judgment rather than in a trial would conserve scarce judicial resources and be more efficient and cost effective for the parties. Therefore, the court **grants** Defendants' Motion for Continuance and for Leave to File Second Motion for Summary Judgment. The second motion for summary judgment shall be filed by **May 3, 2013.** Furthermore, the court **vacates** the present trial setting of June 3, 2013.

**It is so ordered** this 19th day of April, 2013.

_____
Sam A. Lindsay
United States District Judge