IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRYL J. BERRY and ROSALINDA BERRY,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, and SETERUS, INC. f/k/a IBM LENDER BUSINESS PROCESS SERVICES, INC.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3:11-CV-1288-L**<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Amended Motion for Award of Attorney's Fees and Costs (Doc. 92), filed April 29, 2014. After careful consideration of the motion and brief, Plaintiff's brief and response, the reply, appendix, record, and applicable law, the court **grants,** to the extent herein set forth, Defendants' Amended Motion for Award of Attorney's Fees and Costs. The court **denies as moot** Defendants' Motion for Attorney's Fees (Doc. 78), filed April 2, 2014.

**I.     Background**

Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. f/k/a IBM Lender Business Process Services, Inc. ("Seterus") (collectively, "Defendants") seek an award of attorney's fees and costs for prevailing on two motions for summary judgment. They also seek attorney's fees for legal services rendered in the appeal of this action to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). Defendants seek the award of attorney's fees under the terms of a promissory note signed by the Berrys and pursuant to section 38.001(8) of the Texas Civil Practice and Civil Remedies Code.

**Memorandum Opinion and Order – Page 1**

Plaintiffs Darryl J. Berry and Rosalinda Berry ("Plaintiffs" or the "Berrys") took out a loan ("Note") to finance the purchase of certain real property in Dallas County.  The Note is held by Fannie Mae and serviced by Seterus.  The Berrys filed this action against Defendants, contending that Defendants did not have authority to enforce the loan documents and foreclose; that Defendants promised them a loan modification; and that Defendants violated state and federal statutes in failing to communicate or misrepresenting the status of Plaintiffs' loan.  Specifically, Plaintiffs' claims included those for breach of contract, anticipatory breach of contract, unreasonable collection efforts, malice, violations of the Texas Debt Collection Practices Act, and negligent misrepresentation.  Plaintiffs also sought an accounting, declaratory relief, mental anguish damages, exemplary damages, damages for the loss of creditworthiness and the stigma of foreclosure, damages for the value of time lost in attempting to correct Defendants' errors, attorney's fees, and costs of suit.

Defendants filed counterclaims against Plaintiffs for authority to foreclose, breach of contract, and attorney's fees.  The court granted summary judgment in favor of Defendants on April 1, 2013, and March 13, 2014, dismissing all of Plaintiffs' claims and entering judgment in favor of Defendants on March 19, 2014, except on the claim for attorney's fees.  In granting the summary judgment motions, the court ruled in favor of Defendants on their breach of contract and authority to foreclose claims.  The court informed the parties that any claim for attorney's fees would be addressed postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2).  This action was appealed, and the Fifth Circuit affirmed this court's judgment on April 17, 2015.

Defendants seek $29,917 in attorney's fees and $1,080.88 as expenses for a total amount of $30,997.88 at the district court level for hours they contend that their attorneys reasonably and necessarily expended in obtaining the summary judgments and defending this action. Defendants

**Memorandum Opinion and Order – Page 2**

have submitted a declaration by Mr. Mark D. Cronenwett regarding the amount, reasonableness, and necessity of the hours expended by all counsel who performed legal services on behalf of Defendants. Defendants also seek $5,000 in attorney's fees for prevailing on appeal.

The Berrys oppose the amount of fees requested by Defendants. They contend that the amount requested is not reasonable and that the services rendered by Defendants' counsel were not necessary. The Berrys also contend that Defendants failed to segregate the time Defendants' counsel expended on defending the tort claims asserted by Plaintiffs and the time Defendants' counsel expended for "collection of the Note." Finally, Plaintiffs contend that an award of attorney's fees would be inequitable and unreasonable, and would deter other plaintiffs from bringing lawsuits in good faith.

Defendants counter and contend that the fees are reasonable, that the hours expended were necessary, and that the court should award them the fees requested. Defendants did not specifically address Plaintiffs' arguments in their reply.

## II.   Analysis

### A.   Overview

That Defendants prevailed at the district court and appellate level cannot be seriously disputed. They are entitled to reasonable attorney's fees and costs for services rendered. The court has to decide what is a reasonable award of attorney's fees and costs in this action. Plaintiffs have raised some valid concerns, and the court will address those concerns and adjust Defendants' fee request accordingly.

### B. Segregation of Fees

As this is a diversity case, a district court must look to state law, which governs the attorney's fee award. *Atchison, Topeka & Santa Fe Ry. Co. v. Sherwin-Williams Co.*, 963 F.2d 746, 751 (5th Cir. 1992) (citation omitted). A trial court may award those fees and expenses that are "reasonable and necessary for the prosecution of the suit." *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (internal quotation marks and citations omitted). The applicant must show the reasonableness and necessity of the hours expended. As such, the applicant must provide the court with sufficient documentation that will allow it to determine the reasonableness and necessity of the fees sought. If the documentation is vague, lacking, or incomplete, the district court may reduce the number of hours awarded. *Louisiana Power & Light Co. v. Kellstrom*, 50 F. 3d 319, 324 (5th Cir. 1995) (citation omitted).

> Generally, one has a duty to segregate fees. Under Texas law, however,
>
> [a] recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney's fees may recover the entire amount covering all claims.

*Stewart*, 822 S.W.2d at 11 (citations omitted).

The issue of segregation has been briefed in only a cursory and conclusory fashion by the parties. The burden, however, is on Defendants to establish that the defense of Plaintiffs' affirmative claims and the prosecution of its counterclaims were so intertwined to the point of being inseparable. Rather than set forth the elements of Plaintiffs' claims and point out to the court how the facts to defend against Plaintiffs' affirmative claims and the facts to establish their counterclaims essentially rely or depend upon the same facts or circumstances, Defendants merely

**Memorandum Opinion and Order – Page 4**

assert that they did without any explanatory detail. While the court determines that there was certainly overlap in some instances between Plaintiffs' affirmative claims and Defendants' counterclaims, Defendants have not carried their burden regarding the inseparability of *all* the time expended on Plaintiffs' tort claims and Defendants' counterclaims.

### C.  Billing Judgment

Billing judgment is the "usual practice of law firms [to] writ[e][off] unproductive, excessive or redundant hours." *Walker v. United States Dep't of Housing and Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). A party submitting a fee request is "required to exercise billing judgment." *Id.* (citation omitted). No evidence in the record indicates that Defendants' counsel wrote off any excessive, redundant, or unproductive hours. Normally, this is reflected in the affidavit or declaration of counsel for the prevailing party. As Defendants submit no evidence that establishes, or even intimates, that they exercised billing judgment, a reduction of the fee request is in order. *See id*. at 770.

### D.  Second Motion for Summary Judgment

As the parties are aware, the court allowed Defendants to file a second motion for summary judgment, as they did not conclusively establish whether Fannie Mae was an assignee of the interests in the Note and deed of trust executed between the Berrys and CTX Mortgage Company LLC. In other words, Defendants initially failed to convince the court that they had authority to enforce the Note and deed of trust.

The failure of Defendants to establish the authority for them to enforce the Note and deed of trust was a matter that should have been addressed in Defendants' initial motion for summary judgment. Filing a second motion for summary judgment resulted in Defendants' counsel expending more hours than necessary had the authority to enforce the Note and deed of trust been

**Memorandum Opinion and Order – Page 5**

addressed in the first motion. Plaintiffs should not be held accountable for Defendants' failure, and an adjustment to the fee request is warranted.

### E. The Fee Award

Courts may award fees that are "reasonable and necessary" to the prosecution of the claim or suit. *Stewart*, 822 S.W.2d at 10. The court now addresses the reasonableness of Defendants' fee request. In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Texas Supreme Court has set out the following factors that should be considered by the factfinder in determining the reasonableness and necessity of attorney's fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citations omitted). These factors are not mandatory. As the court in *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.), aptly observed:

> While these are factors that may be considered, the court is not required to receive evidence on each of those factors. The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties.

**Memorandum Opinion and Order – Page 6**

*Id*. (citation omitted).

First, the court determines that the hourly rates charged by Defendants' counsel are reasonable. The court makes this determination based upon the declaration of Mr. Cronenwett, the record, its experience in setting fees in similar cases, and its knowledge of rates charged in the Dallas legal community for legal services rendered by attorneys with the level of skill, ability, competence, and experience of Defendants' counsel. The hourly rates charged by Defendants' counsel are totally consistent with those rates charged by attorneys of comparable abilities, competence, experience, and skill in the Dallas legal community as those of Defendants' counsel. The court, after reviewing the record, makes the same conclusion regarding the hourly rates for services rendered by paralegals on behalf of Defendants.

Second, the court has considered the law as set forth in earlier cited authority and, for the reasons set forth in section II (B), (C), and (D), determines that adjustments should be made to the amount of fees requested by Defendants. With respect to the failure to exercise billing judgment, in *Walker*, the court reduced the fee award by 15%. After a thorough review of the record, the court believes that a 15% reduction of the fees requested is appropriate in this case. Likewise, after a review of the record, the court determines that a 15% reduction is appropriate for Defendants failure to convince the court that an exception to the rule of segregation applied to their fee request. Finally, with respect to the second motion for summary judgment, the court determines that a five percent reduction is appropriate. The total amount of the reduction to the fee request of $29,917 is 35%, yielding an award of $19,446.05 in attorney's fees. The court, based on the record, determines that the requested amount of $1,080.88 for expenses is reasonable. Accordingly, the court will award a total amount of $20,526.93 in attorney's fees and costs to Defendants for legal services performed at the district court level.

**Memorandum Opinion and Order – Page 7**

As stated before, Defendants request $5,000 for attorney's fees at the appellate level. The request is based on an estimate by Mr. Cronenwett. As Defendants prevailed at the Fifth Circuit, they are entitled to reasonable attorney's fees. The court believe that this estimate is reasonable, given the nature of the case and the issues that were raised on appeal. The time expended on appeal by Defendants would be in the range of 20 hours, and given the hourly rates of Defendants' counsel, the court determines that $5,000 is a reasonable amount. The amount in reality could be anywhere between $4,500 to $5,500; however, nothing is to be gained by quibbling over this small difference. In any event, the Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Thus, the court will award Defendants $5,000 for their success at the Fifth Circuit.

### III. Conclusion

For the reasons stated, the court **grants** Defendants' Amended Motion for Award of Attorney's Fees and Costs as herein set forth. Accordingly, Defendants are awarded and shall recover against the Berrys, jointly and severally, the amount of $20,526.93 as attorney's fees and costs at the district court level, and the amount of $5,000 in attorney's fees for their success at the Fifth Circuit. The total amount awarded to Defendants as attorney's fees and expenses is **$25,526.93**. Postjudgment interest shall accrue on the total amount awarded at the applicable federal rate of **.54%** from the date of entry of this order until the award is paid in full.

**It is so ordered** this 29th day of April, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge